**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 11-CV-02939-RBJ-BNB

FRESENIUS MEDICAL CARE HOLDINGS, INC. AND ERIKA DE REYNOSA S.A. DE C.V.,

Plaintiffs,

v.

MAGNUM PLASTICS, INC.,

Defendant.

_____

**CONFIDENTIALITY AGREEMENT,
QUALIFIED PROTECTIVE ORDER AND AUTHORIZATION**
_____

This Confidentiality Agreement, Qualified Protective Order and Authorization is entered into by and between the parties to the above-captioned action pursuant to 45 C.F.R. § 164.512(e), and by the Court, for the purpose and under the terms and conditions herein set forth.

**WHEREAS**, the parties in this action may from time to time be required to produce documents or provide testimony pursuant to the initial disclosure or other rules of the Federal Rules of Civil Procedure or to discovery requests made by the parties herein;

**WHEREAS,** during the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information, as that term is defined under the Health Insurance Portability and Accountability Act ("HIPAA") and the Federal Regulations promulgated pursuant to HIPAA;

**WHEREAS**, some of these documents or this testimony may contain confidential information within the scope of this protective order;

1

**WHEREAS**, some of these documents or this testimony may contain protected health information and/or medical records within the scope of 45 C.F.R. § 160.103; and

**WHEREAS**, the parties desire to preserve the protected status of any such material and/or information while complying with their respective discovery obligations and the law;

**NOW THEREFORE**, the undersigned parties, by their respective counsel, hereby stipulate, agree and consent to the entry of the following order:

It is hereby **ORDERED, ADJUDGED** AND **DECREED** that:

1. This Stipulated Confidentiality Agreement, Qualified Protective Order and Authorization ("Order") shall apply to all confidential, protected health and proprietary information and documents produced or disclosed by either party during the course of the above-captioned action, including information and documents disclosed:

    (a) in initial disclosures pursuant to Rule 26;

    (b) through discovery;

    (c) at any hearing;

    (d) in any pleading, document, affidavit, brief, motion, transcript, or other writing; or

    (e) in testimony given in a deposition, hearing or trial, and any copies, notes, abstracts or summaries of such information.

2. This Order further applies to any records produced by a covered entity, as defined by 45 C.F.R. § 160.103, which has received a request or subpoena for protected health information. Protected health information may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse. Such disclosures are to be made subject to this Order, which is pursuant

to 45 C.F.R. § 164.512.  Collectively, the information and documents described in Paragraphs 1 and 2 shall hereinafter be referred to as "Protected Materials."

      3.      "Confidential" information shall mean and refer to any type or classification of Protected Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by either party in the manner set forth below.  "Confidential" information also means all documents that reveal or disclose information contained in documents designated as confidential, including, without limitation, deposition transcripts, interrogatory answers and responses to requests for admissions so designated in accordance with this Order, extracts or summaries of confidential documents, or other papers prepared in connection with this action.  The party designating information as "Confidential" or "Highly – Confidential – Attorneys' Eyes Only" will make such designation only as to that information that the supplying party in good faith believes contains information that is confidential.

      4.      Designation shall be made by affixing to the document, information or thing produced the following: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORENYS' EYES ONLY" by otherwise clearly stating that the document, information or thing is "confidential."  To the extent practicable, the designation shall be affixed to each page of material which the Producing Party contends contains Confidential information, but such stamp shall not obscure any part of the text or document contents.  However, where only a portion of any document, information of thing contains information which the Producing Party contends constitutes Confidential or Highly Confidential – Attorneys' Eyes Only information, the Producing Party shall make a reasonable effort to identify confidential portion of the document, information or thing.  All such documents, information and things, or copies thereof, shall be considered and treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the

terms and conditions hereof.  Any document, information or thing plainly understood by both parties to fall within a designated Confidential or Highly Confidential – Attorneys' Eyes Only category shall be treated as Confidential or Highly Confidential – Attorneys' Eyes Only hereunder despite any failure to have the document, information or thing stamped Confidential or Highly Confidential – Attorneys' Eyes Only.

5.     If, in the course of this litigation, a party produces Protected Materials which another party considers to be its Confidential Information, the party may, within ten (10) business days after the production, designate such Protected Materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by sending written notification thereof by letter.  Counsel for the opposing party shall then affix a confidentiality designation to said Protected Materials, and the same shall be treated as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to this Order.

6.     With respect to deposition testimony that constitutes or references Confidential or Highly Confidential – Attorneys' Eyes Only Information, confidential portions of the transcript or videotape may be designated as such on the record at the time the testimony is given.  Additional portions of the testimony may be designated confidential not later than thirty (30) days after receipt of the transcript or videotape by the person making the designation.  Until the thirty-day (30) day period has expired, the entire transcript or videotape shall be treated as constituting Confidential or Highly Confidential – Attorneys' Eyes Only Information.  Written notices of Confidential or Highly Confidential – Attorneys' Eyes Only Information contained in a deposition transcript shall be attached by each party to the face of the relevant transcript and each copy thereof in its possession, custody or control.  In addition, where a document designated as containing Confidential or Highly Confidential – Attorneys' Eyes Only

Information is introduced as an exhibit at a deposition, the following parts of the deposition transcript or videotape shall be considered confidential and subject to the provisions of this Order: all pages where (a) the document is shown to the deponent; or (b) the questions based on the document are put to; or answers based on the document are given by, the deponent; or (c) the document is otherwise discussed on the transcript record.

7. If the supplying party seeks to designate confidential any interrogatory answers or a response to a request for admission, the supplying party shall indicate clearly that the answer or response constitutes Confidential or Highly Confidential – Attorneys' Eyes Only Information.

8. All material and information designated as Confidential or Highly Confidential – Attorneys' Eyes Only Information shall only be used for the sole and limited purpose of preparation for the trial of this action and shall not be used for any other purpose.

9. No copies of Protected Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be made except to the extent necessary for the preparation and conduct of this litigation, including discovery, motion practice, evidentiary hearings, trial and appeal. Any person responsible for making such copies must ensure that the copies adequately reflect any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" stamp or legend thereon.

10. All Protected Materials designated as Confidential or Highly Confidential – Attorneys' Eyes Only Information shall only be used for the sole and limited purpose of preparation for and trial of this action and shall not be used for any other purpose.

11. Except as otherwise provided in this or subsequent Court Orders, Confidential Information shall not be disclosed or shown to anyone, except as follows:

    a. any court and its staff;

    b. any court reporter who records any deposition or other testimony in this case;

    c. any attorney of record for the parties in the above-captioned action, and their corporate counsel;

    d. any paralegal, clerical employee, and/or law clerk retained or employed and supervised by counsel of record who is working on the prosecution or defense of this action;

    e. any corporate employee of either party who has been directed to assist counsel's preparation with respect to litigation between the parties;

    f. any actual or prospective expert or consultant identified and/or retained by either party to assist it in the litigation between the parties;

    g. any persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the supplying party after written notice to all parties and an opportunity to object is given.

In the event that a party desires to disclose to any person not included in paragraphs (a) through (g) above any document designated as "Confidential," it shall provide at least five (5) business days advance notice in writing. Should the other party object in writing to the disclosure of such confidential information to that person, the party seeking to disclose may seek an order from the Court. Until the Court resolves the application, no such disclosure shall be made.

    12. Each person given access to designated Confidential Information under the terms of this Order shall be advised that the information is being disclosed pursuant and subject to the terms of this Order, and may not be disclosed other than as authorized by this Order. Prior to disclosure of any Confidential Information to the persons identified above, each person shall first: (a) read this Order; and (b) sign a copy of the Confidentiality Agreement, attached hereto as

Exhibit A. The executed Confidentiality Agreement shall be provided to the attorneys of record for each party employing them, who shall retain all such agreements until further order of the Court.

13. A party shall not be obligated to challenge the propriety of a confidential designation or move for a protective order at the time made, and failure to do so shall not preclude a subsequent challenge to such designation or the right to move for a protective order. If any party to this action objects, at any stage of the proceedings, to the designation of a document or testimony as confidential, then the receiving party must provide a written objection in a reasonable manner to the producing party specifying the documents, information or other things whose designation is objected to and the basis of the objection. The producing party must respond to the objection within five (5) business days. If the parties cannot reach agreement regarding the objected designations, then the objecting party must move this Court for an order finding good cause to remove the designation.

14. In the event either party inadvertently discloses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to someone not authorized to receive such information under this Order, that party shall upon learning of the disclosure:

    a. immediately notify the person to whom the inadvertent disclosure was made that it contains confidential information subject to this Order;

    b. immediately make all reasonable efforts to preclude further dissemination or use by the person to whom disclosure was inadvertently made; and

    c. immediately notify the other party of the identity of the person(s) to whom disclosure was inadvertently made, the circumstances surrounding disclosure, and the steps taken to ensure against the dissemination or use of the information.

15. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced by either party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If information subject to a claim of immunity or privilege is inadvertently or mistakenly produced, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the Producing Party's assertion of privilege or immunity. All copies of inadvertently or mistakenly produced documents shall be destroyed, and any document, material or information reflecting the contents of the inadvertently produced information shall be expunged. If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

16. If a party inadvertently fails to designate any document or information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" it may later designate such document or information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by notifying the other party in writing and identifying the particular documents or information it wishes to so designate. The other party shall thereafter:

    a. use reasonable efforts to retrieve all such particular documents or information and copies thereof;

      b.   mark the particular documents or information, and all copies thereof, with the appropriate designation; and

      c.   treat the documents or information, and all copies thereof, in accordance with the designation.

17.    If Protected Materials designated "Confidential" or quotes from or references to such materials are included in papers or motions filed with or otherwise disclosed to the Court, such papers or motions shall be labeled "Confidential Subject to Protective Order" and, unless otherwise agreed by counsel, or directed by the Court, shall be kept under seal.

18.    Nothing contained herein shall prevent any of the parties from using "Confidential" information in connection with any motion filed with the Court (as long as motions that contain or refer to "Confidential" Protected Materials are filed in accordance with Paragraph 14 above), or in trial, a hearing, or any other proceeding in this action.

19.    Nothing contained herein shall prevent either party from seeking further protection with respect to the use of any information designated as "Confidential" in connection with any trial, hearing, or other proceeding in this action.

20.    If a party receives a subpoena or documents request form a non-party to this Order seeking production or other disclosure of the other's "Confidential" information, the party shall give written notice to the other within five (5) business days, identifying the "Confidential" material sought and enclosing a copy of the subpoena or document request.  Subject to the duty to comply with such subpoena or document request, no production or disclosure of "Confidential" Protected Materials shall be made until the other party has received a reasonable opportunity to consider or respond to the subpoena or document request.

21. Nothing in this Agreement shall prohibit disclosure of Confidential Information produced by or obtained from any party in this action in response to compulsory process or the process of any government regulatory agency, including disclosure as permitted under 45 C.F.R. § 164.512.

22. The provisions of this Order may be modified at any time by written stipulation of the parties as approved by an Order of Court. In addition, a party may at any time apply to the Court for modification of this Order pursuant to a motion brought in accordance with the rules of the Court.

23. Nothing contained in this Order shall constitute: (a) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon, or required by rules of Court or by Court Order; (b) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in this or in any other action; (c) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information; or (d) a waiver by any party of its right to apply to the Court for an order designed to preserve the confidentiality of its confidential information at trial.

24. In the event that anyone shall violate the terms of this Agreement, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such violation or threatened violation. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order, notwithstanding any subsequent disposition of this action.

25. Within ninety (90) days after the settlement or final adjudication, including appeals, of the action or actions in which the documents have been produced, counsel for each of the parties shall certify that all Confidential Information supplied by the parties and nonparties

and all copies thereof shall have been destroyed by the party receiving such Confidential Information; provided, however, that:

    a. Each party may retain a complete file of all court papers served or filed with the Court in this action;

    b. The attorneys for the party receiving the Confidential Information may retain materials which, in their judgment, constitute or are part of their work product;

    c. All Confidential Information not returned or destroyed pursuant to this paragraph shall remain in all respects subject to the terms and provisions of this Order; and

    d. All confidential health information, as described in Paragraph 2, including all copies of such information, shall be returned to the covered entity or destroyed, pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B).

26. The production of documents designated as Confidential by the supplying party at the request of the requesting party does not create an action for disclosure of confidential, sensitive, private, or personal information, including but not limited to actions arising under the HIPAA.

27. The terms of this Agreement shall survive the entry of judgment in this action and, shall continue until released in writing by the supplying party.

**ENTERED** this 30th day of January, 2012.

                                                **BY THE COURT:**

                                                R. Brooke Jackson
                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 11-CV-02939-RBJ-BNB

FRESENIUS MEDICAL CARE HOLDINGS, INC. AND ERIKA DE REYNOSA S.A. DE C.V.,

Plaintiffs,

v.

MAGNUM PLASTICS, INC.,

Defendant.

___

**CONFIDENTIALITY AGREEMENT**
___

I certify my understanding that CONFIDENTIAL discovery material is being provided to me pursuant to the terms and restrictions of the Agreed Protective Order in the above-captioned case, now pending in the District Court of Colorado. I also acknowledge and certify that I have been given a copy of the Agreed Protective Order, have read its terms and conditions, and understand that I am bound by them. I understand that those terms include, but are not limited to, the following:

1. I am prohibited from using the CONFIDENTIAL material for any purpose except for purposes of this litigation as allowed by the Agreed Protective Order.

2. I am prohibited from disclosing the CONFIDENTIAL material, or the contents thereof, to any person or party, except as provided in the Agreed Protective Order.

3. At the conclusion of the litigation, or my involvement in it, I will be required to return such CONFIDENTIAL material, and all copies, to the person from whom I received them, including any notes, memoranda, computer files ("software"), software documentation and other

forms of information, which includes, incorporates, or otherwise discloses the content of the CONFIDENTIAL discovery material.

4.  I shall continue to be bound by the terms of the Agreed Protective Order as a condition to being provided access to the CONFIDENTIAL discovery material. Further, by executing this Confidentiality Agreement, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms and conditions of the Agreed Protective Order.

5.  I recognize that, pursuant to the provisions of the Agreed Protective Order, any person disclosing or producing CONFIDENTIAL material may, in the event of an actual or anticipated breach of this Confidentiality Agreement, bring an action to specifically enforce the terms and conditions of the Agreed Protective Order and this Confidentiality Agreement and to prevent the unauthorized disclosure or use of CONFIDENTIAL discovery material. Violators of the Agreed Protective Order or this Confidentiality Agreement may therefore be subject to monetary penalties, injunctive orders, or other appropriate orders and judgments.

DATED:_____

_____
Signature

_____
Printed Name